512 P.2d 700

**Joe A. SALAZAR, Plaintiff-Appellant,**

v.

**STATE of New Mexico, Defendant-Appellee.**

**No. 1149.**

Court of Appeals of New Mexico.

June 27, 1973.

David E. Martin, Prison Project Director, Albuquerque, for plaintiff-appellant.

David L. Norvell, Atty. Gen., Lee Griffin, Asst. Atty. Gen., Santa Fe, for defendant-appellee.

## OPINION

SUTIN, Judge.

This is an appeal by defendant from denial of post-conviction relief under Rule 93 [§ 21-1-1(93), N.M.S.A.1953 (Repl.Vol. 4)]. We affirm.

The defendant seeks to vacate and set aside the judgment and sentence imposed, after a voluntary plea of guilty, in two cases in the same court and for dismissal of the charges upon the basis of Rule 95 [§ 21-1-1(95), N.M.S.A.1953 (Repl.Vol. 4, 1971 Supp.)] and the constitutional right to a speedy trial.

On December 22, 1970, an information was filed charging defendant with aggravated battery.

On April 22, 1971, an information was filed charging defendant with aggravated burglary, armed robbery and aggravated assault.

On April 12, 1972, the three charges just stated were deleted from an "amended" information. It charged defendant only with escape from jail.

On April 12, 1972, defendant pled guilty to aggravated battery and escape from jail. At the time of entry of plea of guilty, defendant was not aware of 'Rule 95 or its provisions and defendant's counsel did not know the State's motion for extension of time pursuant to Rule 95 had been denied.

Rule 95 does not apply to informations and indictments filed prior to July 1, 1971. Rule 95(5); State v. Mascarenas, 84 N.M. 153, 500 P.2d 438 (Ct.App.1972). The rule is not applicable to the charge of aggravated battery filed December 22, 1970. Neither is it applicable to the three charges filed April 22, 1971 because the original information was set aside and abandoned. · Armstrong v. United States, 16 F.2d 62 (9th Cir.1926), cert. denied 273 U.S. 766, 47 S.Ct. 571, 71 L.Ed. 881 (1927); Brown v. State, 5 Okl.Cr. 567, 115 P. 615 (1911); Harris v. State, 9 Okl.Cr. 658, 132 P. 1121 (1913). An "amended" information vitiates the original information as fully as though it had been formally dismissed by order of the court. Wilcox v. State, 248 So.2d 692 (Fla.App.1971). It constitutes the filing of a new instrument which supersedes its predecessor. State v. Martin, 2 Ariz.App. 510, 410 P.2d 132, 136 (1966). Compare, State ex rel. Delgado v. Stanley, 83 N.M. 626, 495 P.2d 1073 (1972).

*Mascarenas,* supra, held that a delay of 15 months between arrest and *trial* with unexplained delay stood as an unrebutted prima facie showing of prejudice; that the concept of waiver did not apply and defendant was deprived of his constitutional right to a speedy trial. Mascarenas was not a Rule 93 appeal, and did not involve a plea of guilty. Rule 95 pertains to time of commencement of *trial* of criminal cases, not to pleas of guilty. Compare, State v. Vigil, 85 N.M. 328, 512 P.2d 88 (Ct.App.1973). Thus, Rule 95 does not apply to the guilty plea to the amended information filed April 12, 1972.

The rule is well established that "the entry of a voluntary plea of guilty constitutes a waiver of whatever right a defendant may have had to a speedy trial." State v. McCroskey, 79 N.M. 502, 505, 445 P.2d 105, 108 (Ct.App.1968). The issue of a speedy trial does not provide a basis for post-conviction relief. State v. McCroskey, supra; State v. Padilla, 85 N. M. 140, 509 P.2d 1335, decided May 11, 1973. The issue must be raised prior to *trial.* Patterson v. State, 81 N.M. 210, 213, 465 P.2d 93 (Ct.App.1970).

Defendant's arguments that the State is estopped to deny the application of Rule 95, and that Rule 95 is applicable under the doctrine of law of the case, do not meet the challenge of the rules just stated. The fact that the State twice requested relief under Rule 95 in the Supreme Court did not push Rule 95 within the scope of Rule 93. The State's requests occurred prior to the defendant's plea of guilty.

Affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.