568 P.2d 258

**STATE of New Mexico,**
**Plaintiff-Appellant,**

v.

**Sam B. DUNLAP and Mary G. Dunlap,**
**Defendants-Appellees.**

**No. 2921.**

Court of Appeals of New Mexico.

Aug. 2, 1977.

Toney Anaya, Atty. Gen., Vernon O. Henning, Sp. Asst. Atty. Gen., Santa Fe, Ira Robinson, Dist. Atty., Joseph P. Paone, Asst. Dist. Atty., Albuquerque, for plaintiff-appellant.

John P. Dwyer, Albuquerque, for defendants-appellees.

## OPINION

SUTIN, Judge.

On September 21, 1976 the Grand Jury of Bernalillo County returned a thirteen-count indictment against the defendants. Defendants were charged with five counts of attempts to evade or defeat the gross receipts tax, five counts of filing false or fraudulent statements, and three counts of conspiracy to attempt to evade or defeat the gross receipts tax pursuant to §§ 72–13–85 and 72–13–86(A), N.M.S.A. 1953 (Repl.Vol. 10, pt. 2, 1975 Supp.), and § 40A–28–2, N.M.S.A. 1953 (2d Repl.Vol. 6).

On January 10, 1977 defendants filed a motion to dismiss all counts of the indictment because defendants, in their individual capacities, were not, during any of the periods covered in the indictment, engaged in business and were, therefore, not required to file gross receipts tax returns under the provisions of § 72–13–30. The motion was set for hearing on January 17, 1977.

The evidentiary issue before the trial court was whether defendants were engaged in any business as individuals during the periods covered in the indictment. If any hearing was held on January 17, 1977, nothing appears of record. Evidently, only oral argument was had before the court.

On February 25, 1977 the trial court, absent any evidence in the record, made findings of fact. The findings showed that defendants were officers of the New Mexico Employment Agency, Inc.; that this corporation was obligated to pay the gross receipts tax, but the defendants were not obligated to pay in their individual capacities, and defendants were not criminally liable.

The court ordered eight counts of the indictment dismissed. The State appeals. We reverse.

The old common law motion to quash an indictment could raise only such defects or irregularities as were apparent on the face of the indictment and not extraneous facts or matters dehors the record. To reach such matters dehors the record, the procedure was by a plea in abatement, *State v. McKinley*, 30 N.M. 54, 227 P. 757 (1924) which plea in abatement required a trial and determination of the issues raised. 22 C.J.S. Criminal Law § 434 (1961).

This procedure was superseded by Rule 33(d), (e)(2) of the Rules of Criminal Procedure adopted in 1972 [§ 41–23–33(d), (e)(2), N.M.S.A. 1953 (2d Repl.Vol. 6, 1975 Supp.)]. This rule provides that defenses and objections can be raised by motion. One of the defenses or objections delineated is the failure of the indictment "to charge

an offense". In effect, defendants' "motion to dismiss" was the failure of the indictment "to charge an offense". As such, it may be "noticed by the court at anytime during the pendency of the proceeding." Rule 33(e)(2). Defendants' motion was proper. *State v. Elam*, 86 N.M. 595, 526 P.2d 189 (Ct.App.1974).

 In this proceeding, the court may examine matters dehors the record. It can hear evidence, or the parties can stipulate, as to matters dehors the record to determine that, although the indictment is proper on its face, it is defective because the intended charge is different than that specified. Defendants were charged with violating gross receipts tax laws pertaining to the filing of forms. These violations are validly stated. It appears from the briefs filed that the parties agreed, at the time of the hearing on defendants' motion to dismiss, that the State intended to charge defendants as officers of the New Mexico Employment Agency, Inc. The trial court has jurisdiction. Defendants' only contention on appeal is that the indictment is defective because it failed to inform defendants of the charge that they attempted to evade a tax owed by the corporation that they owned.

This type of error in the indictment can be cured by an amendment provided it does not prejudice the substantial rights of the defendants upon the merits. Section 41–23–7(a), N.M.S.A. 1953 (2d Repl.Vol. 6, 1975 Supp.). Defendants agree that an individual can be prosecuted under the above statutes for allegedly attempting to evade a tax owed by a corporation that they own. *United States v. Lisowski*, 504 F.2d 1268 (7th Cir. 1974); *Blauner v. United States*, 293 F.2d 723 (8th Cir. 1961), cert. denied, 368 U.S. 931, 82 S.Ct. 368, 7 L.Ed.2d 193 (1961); *Bernstein v. United States*, 234 F.2d 475 (5th Cir. 1956), cert. denied, 352 U.S. 915, 77 S.Ct. 213, 1 L.Ed.2d 122 (1956); reh. denied, 352 U.S. 977, 77 S.Ct. 351, 1 L.Ed.2d 330 (1957).

By an amendment to the indictment, that defendants were officers of the New Mexico Employment Agency, Inc., and owned this corporation, defendants' substantial rights are not prejudiced on the merits.

Reversed. This cause is remanded to the district court to set aside and hold for naught the order entered on February 25, 1977, and grant leave to the State to amend the indictment. This amendment may be made by a separate pleading signed by the district attorney that each count of the indictment is amended to include therein that "the above named defendants, as officers and owners of New Mexico Employment Agency, Inc. did commit the offense stated in each count," or such other language as the State shall choose to use.

IT IS SO ORDERED.

LOPEZ, J., concurs.

JAMES W. MUSGROVE, District Judge, specially concurs.

JAMES W. MUSGROVE, District Judge, specially concurring.

The Grand Jury of Bernalillo County returned a thirteen count indictment against the defendants charging them with five counts of attempt to evade or defeat the gross receipts tax contrary to Section 72–13–85, N.M.S.A. 1965 Supp. as amended, and three counts of conspiracy to attempt to evade or defeat the gross receipts tax contrary to Sections 40A–28–2, 72–13–85, N.M.S.A. 1953 Comp. and N.M.S.A. 1965 Supp. as amended, and charged defendant Mary G. Dunlap with five counts of making and subscribing false returns contrary to Section 72–13–86(A) N.M.S.A. 1965 Supp. as amended.

Defendants filed a motion to dismiss all counts of the indictment on the ground that in their individual capacities the defendants were not engaged in business and not required to file gross receipts tax returns.

Following a hearing on the motion the trial court found that the defendants in their individual capacities were not engaged in any business but were officers of New Mexico Employment Agency (Bureau) Inc., and that the defendants could not be held criminally liable for their failure or their

attempt to evade or not pay such gross receipts tax since it was the corporation and not the defendants individually that was subject to that tax.

The trial court dismissed all counts of the indictment except the five counts of false subscribing against Mary G. Dunlap. The State appealed.

Defendants concede, and correctly so, that they could be prosecuted under Section 72–13–85 N.M.S.A. 1965 Supp. as amended for allegedly attempting to evade a tax owed by a corporation of which they own. However, they argue that the indictment is fatally defective because it failed to inform the defendants of the charge that they attempted to evade a tax owed by a corporation which they own. We disagree.

Rule 5(d), Rules of Criminal Procedure, defines an indictment as a written statement returned by a grand jury containing the essential facts constituting the offense, common name of the offense and if applicable a specific section number of the New Mexico Statute. The indictment in this case met those requirements.

Rule 8, Rules of Criminal Procedure states, "It shall be unnecessary for a complaint, indictment or information to contain the following allegations unless such allegations are necessary to give the defendant notice of the crime charge: * * * (3) means by which the offense was committed. * * *"

The indictment gave the defendants notice that they were being charged with attempting to evade or defeat gross receipts tax on particular dates contrary to a particular statute. The fact that the defendants may have acted in their roles as officers or owners of a corporation goes to the means by which the offense was committed and is not an essential allegation of the indictment. If the defendants were desirous of such information, a motion pursuant to Rule 9, Rules of Criminal Procedure was available.

This cause is reversed and remanded to the District Court to set aside the order dismissing the eight counts of the indictment.