**STATE of Missouri, Respondent,**

v.

**Roscoe BROOKS, Appellant.**

**No. 41750.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 28, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1980.

Application to Transfer Denied
Feb. 9, 1981.

**44**

Judith B. Sklar, St. Charles, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Jan Bond, Asst. Attys. Gen., Jefferson City, Charles E. Bridges, St. Charles, for respondent.

CRIST, Presiding Judge.

Defendant was convicted by a jury of second degree burglary (§ 560.070, RSMo. 1969) and stealing (§ 560.110, RSMo. 1969). Pursuant to the Second Offender Act, the trial court sentenced movant to consecutive terms of ten years imprisonment for the burglary and five years for the stealing. We affirm.

Defendant first complains that the trial court erred when it denied his motion for a continuance after the state was allowed to amend the information against him by alleging applicability of the Second Offender Act. Basically, defendant contends that he was not afforded adequate time to prepare for trial as he was ensconced in plea negotiations (and had intended to plead guilty) before these negotiations turned sour.

■ *State v. Shumate*, 516 S.W.2d 297, 299 (Mo.App.1974), wherein it was determined that two days constituted sufficient notice of the state's intention to amend, is adversely dispositive of defendant's first contention. An amendment to an information which serves merely to invoke application of Second Offender Act does not

charge a *new* offense or crime. *State v. Wilburn*, 575 S.W.2d 914, 915 (Mo.App. 1978). The trial court did not abuse its discretion in this regard. *State v. Cheesebrew*, 575 S.W.2d 218, 225 (Mo.App.1978).

■ Defendant next submits that there existed insufficient evidence of his prior convictions to invoke application of the Second Offender Act. In its third amended information the state charged, *inter alia*, that Roscoe Brooks, a/k/a Roscoe Garland Andrews, a/k/a Roscoe Andrews, had four prior felony convictions. At the hearing to determine whether application of the Second Offender Act was appropriate, the state introduced as exhibits records which showed the prior convictions of one Roscoe *Andrews*. Due to the disparity of names or, rather, the incomplete identity of names, there must have been evidence to link the accused with the records introduced. Such evidence was presented in the form of photographs of defendant which were included in, and attached to, the record exhibits. The trial court indicated that it had compared the photographs with defendant and was satisfied that defendant was one and the same as he who had received the prior convictions. No other evidence was required (*State v. Nylon*, 563 S.W.2d 540, 543 (Mo.App.1978)) and the record contained no contrary evidence. See *State v. Green*, 575 S.W.2d 211 (Mo.App.1978).

■ Lastly, defendant contends that the evidence was insufficient to sustain his twin convictions as there was no proof that he actually "broke into" the store. Defendant agrees that evidence must be viewed in a light most favorable to the state, together with all inferences reasonably drawn therefrom. *State v. Stapleton*, 518 S.W.2d 292, 296 (Mo. banc 1975). So viewed, this court is of the opinion that there was substantial evidence to prove both crimes.

On Sunday, October 8, 1978, in St. Charles, Missouri, defendant was found in a closed, locked Schnuck's Food Store at 5:00 a. m. Law enforcement officers had been drawn to Schnuck's by its sounding alarm. The store had been locked and secured the previous evening, and defendant did not have permission to be on the premises. A

large plate glass window had been broken and a tire tool, jack handle or lug wrench was found inside the store.

When first observed inside the building, defendant was in the vicinity of a number of shopping bags and a cardboard box which items contained eighty–two cartons of cigarettes, one hundred eighteen Bic Lighters, thirty–three Bic Lighters with shavers, seven Mighty Match Lighters, one package of Super Tow Razers, two bottles of Brass Monkey Pre–Mix and six bottles of rum. Defendant's fingerprints were found on a piece of the broken plate glass and on one of the rum bottles. This constituted sufficient evidence to sustain defendant's convictions. *State v. Burke*, 462 S.W.2d 701, 702–703 (Mo.1971); *State v. Smith*, 342 S.W.2d 940, 942 (Mo.1961). Also, see *State v. Harris*, 539 S.W.2d 617, 621 (Mo.App. 1976) and *State v. Knabe*, 538 S.W.2d 589, 593 (Mo.App.1976).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.