658 P.2d 1142

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Donald BENALLY, Defendant-Appellee.**

No. 5918.

Court of Appeals of New Mexico.

Feb. 1, 1983.

William P. Slattery, Asst. Appellate Defender, Santa Fe, for plaintiff-appellant.

Jeff Bingaman, Atty. Gen., Carol Vigil and Ann M. Harvey, Asst. Attys. Gen., Santa Fe, for defendant-appellee.

OPINION

WALTERS, Chief Judge.

The State appeals the dismissal with prejudice of an amended criminal information,

pursuant to the 6-month limitation of R.Crim.Proc. 37, N.M.S.A.1978. [The version of Rule 37 appearing in the 1980 Replacement Pamphlet applies to this case.] The State contends that the filing of the amended criminal information superseded an earlier information filed in the case, and that the amended information started the running of the six-month period in Rule 37 anew, absent any prosecutorial bad faith. We reverse the trial court's dismissal of the amended information.

The following events are material to the State's issue: On November 25, 1981, a criminal complaint was filed in Magistrate Court charging defendant with committing on November 24, 1981, an aggravated battery, contrary to § 30–3–5(C), N.M.S.A. 1978, upon a person by use of a motor vehicle. Handwritten on the complaint was a nondated notation amending the complaint to charge homicide by vehicle (great bodily injury), contrary to § 66–8–101(B), N.M.S.A.1978 (1982 Cum.Supp.). Defendant was bound over on December 16, 1981, on the "amended" complaint, charging homicide by vehicle (great bodily harm or injury). On December 21, 1981, a criminal information was filed in district court charging defendant with great bodily injury by motor vehicle contrary to § 66–8–101, *supra*. Defendant waived arraignment and the case was placed on the trailing docket for trial on February 22, 1982. On February 19, 1982, defendant moved for a mental examination and a continuance because of the time required for a mental examination. Motions for the continuance and mental examination were granted. The case was placed first on the trailing docket for trials to commence on March 22, 1982. On March 19, the State moved for a continuance, alleging it had not had enough time to prepare for trial because until two days earlier, the defendant had led the State to believe he would plead guilty to the charge, but had then decided to go to trial. In reliance on defendant's anticipated plea, the State had not subpoenaed its witnesses. The motion for continuance was granted and the case was placed third on the April 26 trailing docket.

The State thereafter filed an amended criminal information on April 21, 1982, charging aggravated assault, contrary to § 30–3–2(B), N.M.S.A.1978, and accusing defendant of assault with a deadly weapon (a motor vehicle) on November 24, 1981. Defendant moved to strike the amended information; the trial court remanded the matter to Magistrate Court on April 23 for a preliminary examination on the amended information. A preliminary examination was waived, and defendant was bound over on May 19, 1982, on the charge in the amended information. Defendant waived arraignment in the district court; the case was placed on the trailing docket for trial July 26, 1982. On July 22, defendant moved to dismiss the amended information with prejudice for violation of Rule 37. Following submission of proposed findings and conclusions by the parties, the trial court dismissed the charges with prejudice and filed findings of fact and conclusions of law.

Among the trial court's findings of fact were the following:

4. The charges of Aggravated Battery, Great Bodily Injury by Vehicle, and Aggravated Assault were all based upon the same set of acts by defendant arising out of the incident occurring on or about November 24, 1981.

5. The Amended Criminal Information was filed by the State of New Mexico in good faith and was not filed in [an] attempt to cicumvent [sic] Rule 37 of the New Mexico Rules of Criminal Procedure.

It also made the following conclusions:

1. The charge of Aggravated Assault in the Amended Criminal Information is a new offense and is not a lesser included offense of Great Bodily Injury by Vehicle as charged in the original Criminal Information.

2. The Amended Criminal Information charging Aggravated Assault was filed by the State of New Mexico in good faith and was not filed in an attempt to circumvent Rule 37 of the

New Mexico Rules of Criminal Procedure.

3. The trial of this criminal case did not commence within six months from the date of filing in the District Court of the Criminal Information on December 21, 1981, pursuant to Rule 37(b)(1).

In *Salazar v. State,* 85 N.M. 372, 373, 512 P.2d 700, 701 (Ct.App.1973), this Court declared:

An "amended" information vitiates the original information as fully as though it had been formally dismissed by order of the court. *Wilcox v. State,* 248 So.2d 692 (Fla.App.1971). It constitutes the filing of a new instrument which supersedes its predecessor. *State v. Martin,* 2 Ariz.App. 510, 410 P.2d 132, 136 (1966). Compare, *State ex rel. Delgado v. Stanley,* 83 N.M. 626, 495 P.2d 1073 (1972).

*State v. Martin,* 2 Ariz.App. 510, 410 P.2d 132 (1966), cited in *Salazar, supra,* made this distinction:

This Court construes an "amendment to an information" to mean a supplement to an otherwise effective and sufficient information, whereas "an amended information" constitutes the filing of a new instrument which supersedes its predecessor.

410 P.2d 136. Both *Salazar v. State, supra,* and *Wilcox v. State,* 248 So.2d 692 (Fla.App. 1971), were cited as authority on this issue in *State v. Kinard,* 21 Wash.App. 587, 585 P.2d 836 (1978). The amended informations in *Wilcox* and *Kinard, supra,* charged different crimes from those of the original informations.

■ We adopted the rationale of *State v. Martin, supra,* in *State v. Sanchez,* 80 N.M. 688, 690, 459 P.2d 850, 852 (Ct.App.1969):

A distinction is made between "amendment to an information" and "an amended information." *State v. Martin,* 2 Ariz. App. 510, 410 P.2d 132 (Ct.App.1966); *State v. Rogers,* 2 Ariz.App. 232, 407 P.2d 773 (Ct.App.1965). * * * Unless prejudice to the defendant results a reviewing court will not disturb the trial court's discretion in permitting an amended in-

formation. *People v. Moore,* 21 Ill. App.2d 9, 157 N.E.2d 94 (Ct.App.1959). We adopt, also, the conclusions of the *Kinard* and *Wilcox* courts regarding the effect of filing an amended charging document which changes the original charge.

In *State ex rel. Delgado v. Stanley,* 83 N.M. 626, 495 P.2d 1073 (1972), the supreme court recognized the potential abuse which could result by starting the six-month period anew with the filing of an amended information. An indictment based on newly discovered evidence was returned in *Stanley* after the State had filed a *nolle prosequi* directed to an information. The court said:

The petitioners do raise a troublesome point which causes us concern. Petitioners say that the State could easily circumvent the operation of Rule 95, *supra,* by filing *nolle prosequis* and later filing new information[s] or procuring new indictments, taking the position that each time this occurred the time laid down by the rule would not commence to run until the filing of the latest charge. Such are not the facts of this case. Should such a course of procedure be pursued in other cases, we will know how to deal with it.

 \* \* \* \* \* \*

In event a defendant in a criminal case should assert that such a course of procedure has been followed for delay or to circumvent the rule * * * the State must be prepared to demonstrate by proof the bona fides of the procedure it has utilized and that it has not been followed to delay defendant's trial beyond the six-month period, as it may have been extended, or to circumvent the operation of the rule. In event of failure of the State so to do, we would be inclined to look past the form to the substance and hold that the operative date which commenced the running of the period laid down in the rule was that on which the original indictment or information was filed.

83 N.M. 627, 495 P.2d 1074.

The supreme court held Rule 95 (now Rule 37) applicable to the later indictment

rather than the earlier information, upon the defense's agreement that the indictment had been filed in good faith and without an intent to circumvent the rule.

■ Defendant, in his requested findings, acknowledged that the State had not filed the amended information in bad faith or to circumvent Rule 37. He contends, however, that since the language of Rule 37 is not ambiguous, it must be given its plain and ordinary meaning. *State v. Tapia,* 89 N.M. 221, 549 P.2d 636 (Ct.App.1976). He points out that the Committee Commentary to N.M.R.Crim.P. 37 emphasizes that only the Supreme Court may grant an extension of time for any delay not specified in Rule 37(b). Defendant's reliance upon *State v. Shaw,* 98 N.M. 580, 651 P.2d 115 (Ct.App. 1982), to require rigid application of time limitations, is misplaced. *Shaw* was concerned with procedures governing prosecutions under the Interstate Agreement on Detainers, not with the application of Rule 37 to New Mexico's charging procedures. A plain reading of Rule 37 presents no conflict with the State's position that the six-month period began to run from the date of filing the amended information. *See State ex rel. Delgado v. Stanley, supra.*

■ Defendant's next response is based on case law construing the federal Speedy Trial Act, 18 U.S.C. § 3161(c)(1). He says, in his Answer Brief:

> The defendant argues that an amended information supersedes an original information for pleading purposes, but that the calculation of speedy trial time does not begin anew with the filing of the amended information. The calculation of time is merely tolled during any intervening period during which the defendant is not in jeopardy.

The argument of defendant is not totally clear, but we assume he suggests there was no "intervening period during which the defendant [was] not in jeopardy" that could have been tolled in the instant case. He overlooks the unchallenged conclusion of the trial court that the charge in the amended criminal information was a new and different charge. The federal cases cited with respect to mere tolling rather than starting a limitation period anew are concerned with amended informations or indictments charging essentially the same offense as in the original charging instrument. Those cases, consequently, can have no countervailing effect upon the result we reach in this case.

Defendant suggests that Rule 37's strict construction will promote the general intention that such rules make more effective constitutional speedy trial guarantees. *Sweet v. Myers,* 200 Colo. 50, 612 P.2d 75 (Colo.1980); *State v. McNeil,* 20 Wash.App. 527, 582 P.2d 524 (1978). However, to reverse the dismissal of the amended information in this case does not conflict with a strict reading of Rule 37. Nor does it necessarily conflict with constitutional speedy trial guarantees. The Supreme Court said in *United States v. Ewell,* 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966):

> We cannot agree that the passage of 19 months between the original arrests and the hearings on the later indictments itself demonstrates a violation of the Sixth Amendment's guarantee of a speedy trial. This guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself. However, in large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. Therefore, this Court has consistently been of the view that "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." *Beavers v. Haubert,* 198 U.S. 77, 87 [25 S.Ct. 573, 576, 49 L.Ed. 950]. "Whether delay in completing a prosecu-

tion * * * amounts to an unconstitutional deprivation of rights depends upon the circumstances. * * * The delay must not be purposeful or oppressive," *Pollard v. United States,* 352 U.S. 354, 361 [77 S.Ct. 481, 486, 1 L.Ed.2d 393]. "[T]he essential ingredient is orderly expedition and not mere speed." *Smith v. United States,* 360 U.S. 1, 10 [79 S.Ct. 991, 997, 3 L.Ed.2d 1041].

*See, e.g., State v. Flores,* 99 N.M. 44, 653 P.2d 875, 877 (1982), where the Supreme Court refused to narrowly interpret Rule 37 as having been intended "to effect dismissals" rather than "to assure prompt trial and disposition of criminal cases."

We hold, therefore, that the amended information charging a new and different offense superseded the abandoned original information, and the 6-month rule commenced running on the date the amended information was filed.

The trial court's dismissal of the amended information is reversed and IT IS ORDERED that the matter be remanded for reinstatement on the court's docket and for trial.

HENDLEY and DONNELLY, JJ., concur.