706 P.2d 152

**STATE of New Mexico, Petitioner,**

v.

**Alvino S. CHACON, Respondent.**

**No. 15986.**

Supreme Court of New Mexico.

Sept. 20, 1985.

Paul Bardacke, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for petitioner.

Janet Clow, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for respondent.

## OPINION

RIORDAN, Justice.

Alvino Chacon (defendant) was found to be an habitual felon and his basic sentences for two 1983 felony convictions were increased by four years. Defendant appeals the enhancement of his sentence on the basis of NMSA 1978, Crim.P.Rule 37 (Cum. Supp.1984). The Court of Appeals reversed the disposition of the habitual offender proceeding and remanded to the trial court with instructions. We granted certiorari and reverse the Court of Appeals and remand to them for disposition of the other issues raised on appeal.

Defendant was convicted of two felonies on March 30, 1983. On August 10, 1983 defendant was charged by Supplemental Criminal Information with being an habitual offender under NMSA 1978, Section 31–18–17 (Repl.Pamp.1981). The information included four counts—two prior felony

convictions in addition to the two 1983 convictions. Defendant was arraigned on this information on September 19, 1983. He pled not guilty and the trial court held the matter in abeyance until further order.

On February 16, 1984, a First Amended Supplemental Criminal Information was filed and four counts were charged. Counts I and II were identical to the first two counts previously charged, Count III added a third prior felony conviction, and Count IV combined the March 30, 1983 convictions. Defendant was arraigned on the amended information on February 24, 1984. On May 11, 1984, defendant was found to be the person convicted in Counts I, III and IV of the First Amended Supplemental Criminal Information, and his 1983 sentences were increased by four years, pursuant to Section 31–18–17(C).

Rule 37 states that an habitual criminal proceeding shall be commenced within six months after the date of arraignment or it shall be dismissed with prejudice. The state had six months from September 19, 1983 to try the defendant under the original supplemental information. Instead, a First Amended Supplemental Criminal Information was filed and defendant was arraigned for a second time. The issue raised here is whether the amended information started the six-month period running anew.

The leading authority is *State v. Benally*, 99 N.M. 415, 417, 658 P.2d 1142, 1144 (Ct.App.1983) (quoting *Salazar v. State*, 85 N.M. 372, 373, 512 P.2d 700, 701 (Ct.App. 1973)) which states:

> An "amended" information vitiates the original information as fully as though it had been formally dismissed by order of the court. It constitutes the filing of a new instrument which supersedes its predecessor. (Citations omitted.)

The court in *State v. Benally* distinguished an "amended" information from an "amendment to information" which means "a supplement to an otherwise effective and sufficient information * * * " *State v. Benally*, 99 N.M. at 417, 658 P.2d at 1144 (quoting *State v. Martin*, 2 Ariz.App. 510, 514, 410 P.2d 132, 136 (1966)). Thus, the narrowed question in this case is whether the change in form and the addition of one conviction to an habitual criminal charge constitutes an "amended information" or an "amendment to information."

■ The amended supplemental information involved Section 31–18–17(D), whereas the previous supplemental information involved Section 31–18–17(C). Two different subsections are involved, and an additional prior felony conviction was charged. Adding another prior felony allegation substantially changes the possible sentence increase from four years to eight. Although the nature of the offenses are the same, the change in the possible sentence increase distinguishes the First Supplemental Criminal Information as an "amended information" rather than an "amendment to information." Defendant was arraigned twice, treating the amended information as a new instrument which would supercede the previous information.

■ This Court considered a Rule 37 challenge to an habitual criminal charge in *State v. Lopez*, 89 N.M. 82, 547 P.2d 565 (1976). However, the supplemental informations filed were identical. The court stated that Rule 37 applied to the first date and not the date on the supplemental information and noted that no new or different information had been added to the second filing. That is not the case here. Defendant points out the potential abuse which could result from starting the six-month period anew with the filing of an amended information. This issue is addressed in *State v. Benally*, which states that it must be dealt with on a case-by-case basis. Four factors are to be considered in determining whether defendant has been denied the right to a speedy trial. These are length of delay, reason for delay, defendant's assertion of right, and ensuing prejudice to the defendant. *State v. McCrary*, 100 N.M. 671, 674, 675 P.2d 120, 123 (1984); *State v. Santillanes*, 98 N.M. 448, 450, 649 P.2d 516, 518 (Ct.App.1982); *State v. Tafoya*, 91 N.M. 121, 123, 570 P.2d 1148, 1150 (Ct.App. 1977). Defendant was originally arraigned

on September 19, 1983 and was finally brought to trial on May 11, 1984. An eight-month delay alone does not indicate that the First Amended Supplemental Information was filed in bad faith or with the intent to circumvent Rule 37.

It appears that the amended information was sufficiently different to start the six-month period running anew. A different subsection of the habitual offender statute was involved, an additional prior conviction was alleged, and defendant was properly arraigned after the amended supplemental information was filed. He then was brought to trial within three months.

We uphold the trial court's ruling as being within the time limits of Rule 37 and remand to the Court of Appeals for disposition of the other issues raised on appeal.

FEDERICE, C.J., and STOWERS and WALTERS, JJ., concur.

SOSA, Senior Justice, dissenting and adopting Court of Appeals opinion as his dissent.

SOSA, Senior Justice, dissenting.

No. 7890

COURT OF APPEALS OF NEW MEXICO

June 27, 1985

MEMORANDUM OPINION

HENDLEY, Judge.

Defendant was found to be a habitual offender with two prior convictions and his basic sentence was enhanced by four years pursuant to NMSA 1978, Section 31–18–17(C) (Cum.Supp.1984). His first issue on appeal, the failure to bring him to trial within the six-month period required by NMSA 1978, Crim.P.Rule 37 (Cum.Supp. 1984), is dispositive and we reverse.

On March 30, 1983, defendant was convicted of aggravated burglary and of larceny of property valued at over $2,500. He was sentenced to a basic term of nine years plus two years of parole on the aggravated burglary charge, and to a basic term of three years plus two years of parole on the larceny charge. The sentences are to be served concurrently. On August 10, 1983, the state filed a supplemental criminal information containing four counts: a 1968 conviction of receiving stolen property, a 1974 conviction of burglary, and the two 1983 convictions. Defendant was arraigned on this information on September 19, 1983. The state then filed a motion to amend the supplemental criminal information to add new and different charges. The amendment was filed on February 16, 1984. The pleading, entitled "First Amended Supplemental Criminal Information," also contained four counts: (I) the 1968 conviction (the date was changed to 1967 on the day of trial), (II) the 1974 conviction, (III) a 1981 conviction of receiving stolen property, and (IV) the two 1983 convictions. Defendant was arraigned on the amended supplemental information on February 24, 1984. Trial was held on May 11, 1984. The court found defendant was the same person charged in counts I, III, and IV, and enhanced his sentences by four years. Prior to trial, defendant moved to dismiss the information on several grounds, including a violation of the six-month rule contained in Crim.P.Rule 37. The motion was denied.

Rule 37 provides that trial of a habitual criminal proceeding shall be commenced within six months of whichever of seven enumerated events occurs latest. The applicable event in this case is defendant's arraignment. Crim.P.R. 37(b)(1). We discuss whether the state was required to bring defendant to trial within six months of (1) September 19, 1983, the date of arraignment on the supplemental information; or (2) February 24, 1984, the date of arraignment on the first amended supplemental information. When the trial of any person does not commence within the six-month period and any extensions, the information filed against such person shall be dismissed with prejudice. Crim.P.R. 37(d).

This issue was considered in *State v. Benally*, 99 N.M. 415, 658 P.2d 1142 (Ct. App.1983). In that case, a criminal complaint was filed on November 25, 1981, charging aggravated battery by use of a motor vehicle. An undated notation

amended the complaint to charge homicide by vehicle. On December 21, 1981, a criminal information was filed charging great bodily injury by vehicle. The state filed an amended criminal information on April 21, 1982, charging aggravated assault and assault with a deadly weapon. In holding that the district court erred in dismissing the amended information on the basis of the running of the six-month period, this Court distinguished between an amended information and an amendment to an information. " 'An "amended" information vitiates the original information as fully as though it had been formally dismissed by order of the court. * * * It constitutes the filing of a new instrument which supersedes its predecessor.' " (Citations omitted.) " [A]n "amendment to an information" * * * mean[s] a supplement to an otherwise effective and sufficient information * * *.' " *See also Salazar v. State,* 85 N.M. 372, 512 P.2d 700 (Ct.App.1973).

The information in *State v. Benally* was amended to charge a different crime from the original information. Similarly, in *Wilcox v. State,* 248 So.2d 692 (Fla.App.1971), and *State v. Kinard,* 21 Wash.App. 587, 585 P.2d 836 (1978), relied on in *State v. Benally,* the amended informations charged different crimes. In *Wilcox v. State,* the original information charged that the defendant received or aided in concealment of stolen property described as a Cadillac Eldorado. The amended information changed the description of the stolen property to a four-door Sedan DeVille and changed the name of the owner of the vehicle. The state could not proceed to trial on the original information because the effect of the amended information was to vitiate the original. In *State v. Kinard,* the defendant was charged by information with first degree assault. The amended information charged only possession of cocaine. The Washington appellate court held that the trial court erred in failing to dismiss the first information.

Citing *State v. Martin,* 2 Ariz.App. 510, 410 P.2d 132 (1966), this Court has stated that a distinction is made between "an amendment to an information" and "an amended information." *State v. Sanchez,* 80 N.M. 688, 459 P.2d 850 (Ct.App.1969). In *State v. Sanchez,* defendant was originally charged with an open charge of murder which was dismissed. A later information charged tampering with the evidence. The state then filed an amended information charging involuntary manslaughter. That case involved an amended information.

The instant case involves an amendment to an information. The first amended supplemental criminal information does not charge a different crime. The only change between the two informations involved in this case is the addition of allegations of another conviction and renumbering of the counts. None of the four convictions listed on the supplemental information was dropped from the amended supplemental information. In *State v. Martin,* the change in the indictment consolidated forgery charges against two defendants and changed the dates of the alleged commission of crimes. Allegations may be added to an information or indictment without amending such document. NMSA 1978, Crim.P.R. 8(b) (Repl.Pamp.1980). An information shall not be deemed invalid due to any defect, omission, or variance, and the court may at any time allow amendment of an information or indictment so long as the substantial rights of the defendant on the merits are not prejudiced. NMSA 1978, Crim.P.R. 7 (Repl.Pamp.1980). For example, an indictment may be amended to add the allegation that the defendants committed the offenses in their capacities as corporate officers and owners. *State v. Dunlap,* 90 N.M. 732, 568 P.2d 258 (Ct.App. 1977). The state was allowed to amend the indictment to allege that the misappropriated item was not money but the use of an automobile. *State v. Wilburn,* 90 N.M. 436, 564 P.2d 1000 (Ct.App.1977). This is not a case where defendant was convicted of an offense that had not been tried. *See State v. Armijo,* 90 N.M. 614, 566 P.2d 1152 (Ct.App.1977).

The fact that the first amended supplemental information results in a further en-

hancement in punishment is not determinative. Because no new offense is charged when an habitual offender count is added to an indictment or information, the addition is treated as an amendment to an indictment or information. *See generally People v. Roberson,* 167 Cal.App.2d 429, 334 P.2d 666 (1959); *Gilmore v. State,* 275 Ind. 134, 415 N.E.2d 70 (1981); *State v. Brooks,* 610 S.W.2d 43 (Mo.App.1980). The fact that punishment is enhanced does not create an amended indictment or information. An additional count to an existing habitual offender information which causes further enhancement cannot logically create an amended information.

Under *State v. Benally,* because this case involves an amendment of an information, the August 10, 1983, supplemental information was effective and sufficient. It was not replaced by the February 16, 1984, first amended supplemental criminal information. Thus, defendant should have been tried within six months of September 19, 1983. As he was not, the trial court erred in denying his motion to dismiss.

The conviction is reversed and the case remanded to the trial court with instructions to dismiss the supplemental information with prejudice and for reinstatement of the original judgment and sentence entered on May 20, 1983.

IT IS SO ORDERED.

ALARID, J., concurs.

WOOD, J., dissents.