This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                                    **NO. 30,006**

**CHERYL GAYE CALE,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Sandra A. Grisham, District Judge**

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals her conviction for driving under the influence of alcohol (DWI) (fourth offense), contrary to NMSA 1978, Section 66-8-102 (2008) (amended

2010). On appeal, Defendant raises three issues claiming (1) the prosecutor was improperly allowed to dismiss this case in magistrate court and refile in district court; (2) the prosecution wrongfully charged her with violating Section 66-8-102(A) based on her conduct in driving an off-highway vehicle; and (3) the district court should have granted her motion to quash the grand jury indictment. We hold that Defendant's act of driving an off-highway vehicle on a public road while intoxicated constitutes a violation of Section 66-8-102(A), and we find her remaining issues to be without merit. Therefore, we affirm Defendant's conviction.

**BACKGROUND**

While intoxicated and driving a "Yamaha Rhino ATV," Defendant made a u-turn on a county road and flipped while executing the turn. She was arrested and charged with three violations of the Motor Vehicle Code, NMSA 1978, §§ 66-1-1 to -8-141 (1978, as amended through 2010): (1) DWI (first offense), (2) careless driving, and (3) driving on a suspended or revoked license.

Defendant was arraigned in magistrate court on September 15, 2008. On January 27, 2009, the State filed an amended complaint charging Defendant with DWI (fourth offense) instead of DWI (first offense) based upon information that Defendant had three prior DWI convictions, as well as charging her with the two non-DWI offenses listed in the original complaint.

On the date of the preliminary hearing, March 4, 2009, Defendant moved to dismiss the charges, claiming she was not subject to prosecution under Section 66-8-102(A) for felony DWI and that a specific statute directed at the operation of off-highway or all-terrain vehicles should apply instead. After continuing the hearing to give the State an opportunity to respond, the magistrate court denied Defendant's motion on March 20, 2009, and reset the preliminary hearing for March 25, 2009.

On March 25, 2009, Defendant again sought dismissal claiming a violation of the 182-day rule. *See* Rule 6-506(B)(1) NMRA (requiring trial to commence within 182 days of a triggering event). After the magistrate court indicated that it would consider Defendant's motion, the State informed the court that it would file a nolle prosequi and take the matter before a grand jury. On April 6, 2009, the State filed a nolle prosequi in magistrate court and on April 28, 2009, sought and obtained a grand jury indictment charging Defendant with the same crimes charged in the amended complaint.

In district court, Defendant filed three motions. She first moved to quash the indictment. She claimed that the grand jury indicted her after only hearing the hearsay testimony of Sean Jett that was presented through the prosecutor. Defendant further claimed that the prosecutor engaged in misconduct by improperly charging her with violating Section 66-8-102(A) instead of the more specific misdemeanor offense

found in the Off-Highway Motor Vehicle Act, NMSA 1978, §§ 66-3-1001 to -1020 (1978, as amended through 2009) (the Off-Highway Act). Defendant also filed a motion to dismiss claiming that instead of being charged with DWI pursuant to Section 66-8-102(A), she should have been charged under Section 66-3-1010.3(A)(2) of the Off-Highway Act that makes operating an off-highway vehicle while intoxicated a petty misdemeanor. *See* § 66-3-1020(A) (2005) (amended 2009). Finally, Defendant moved for dismissal based on her claim that the charges should have been dismissed in magistrate court for failure to comply with the 182-day rule and because the prosecutor improperly attempted to circumvent that rule by dismissing the charges in magistrate court and refiling the same charges in district court.

After reviewing the State's responses and conducting a hearing, the district court denied Defendant's motions. Defendant pleaded no contest to DWI (fourth offense), reserving her right to appeal the denial of her motions. The remaining charges were dismissed in the plea.

**DISCUSSION**

**Applicability of Section 66-8-102(A) to Defendant's Conduct**

Defendant contends that Section 66-8-102(A) does not apply to off-highway vehicles and, thus, she was erroneously charged with violating that provision.

4

Whether Section 66-8-102(A) of the Motor Vehicle Code applies to Defendant's conduct "is an issue of statutory construction which we review de novo." *State v. Saiz*, 2001-NMCA-035, ¶ 2, 130 N.M. 333, 24 P.3d 365. When interpreting statutory language, "our primary goal is to give effect to the intent of the [L]egislature." *Id.* "To determine legislative intent[,] we look first to the plain language of the statute." *Id.* "We do this by giving effect to the plain meaning of the words of [the] statute, unless this leads to an absurd or unreasonable result." *State v. Marshall*, 2004-NMCA-104, ¶ 7, 136 N.M. 240, 96 P.3d 801.

By its language, Section 66-8-102(A) applies to any person under the influence of intoxicating liquor who drives a "vehicle within this state." Defendant's off-highway vehicle would qualify as a vehicle for purposes of Section 66-8-102(A). *See* NMSA 1978, § 66-1-4.19(B) (2005) (defining "vehicle" as "every device in, upon[,] or by which any person or property is or may be transported or drawn upon a highway, . . . except devices moved exclusively by human power or used exclusively upon stationary rails or tracks"); *cf.* NMSA 1978, § 66-1-4.11(H) (2007) (defining "motor vehicle" as "every vehicle that is self-propelled and every vehicle that is propelled by electric power obtained from batteries or from overhead trolley wires, but not operated upon rails"); *State v. Richardson*, 113 N.M. 740, 741-42, 832 P.2d 801, 802-03 (Ct. App. 1992) (holding that a farm tractor is both a motor vehicle and

5

a vehicle and, thus, an intoxicated person operating a farm tractor could be charged with violating Section 66-8-102(A)). Defendant's driving on a county road would qualify as driving "within this state" for purposes of Section 66-8-102(A). *See State v. Johnson*, 2001-NMSC-001, ¶ 21, 130 N.M. 6, 15 P.3d 1233 (recognizing that "[t]here is no significant difference between the danger posed by an intoxicated person in actual physical control of a vehicle on a public highway and that posed by an intoxicated person in actual physical control of a vehicle on private property"), *limited by State v. Sims*, 2010-NMSC-027, 148 N.M. 330, 236 P.3d 642; *Richardson*, 113 N.M. at 741, 832 P.2d at 802. Because our case law considers everything from public highways to private property to be within the state, we see no reason to treat a county road any differently.

We therefore reject Defendant's argument. New Mexico law clearly regards the machine Defendant was riding as a motor vehicle. Defendant's conveyance is one which she operated on a public road. Her behavior is squarely encompassed within the statutory requirement of operating a motor vehicle within this state, irrespective of the vehicle's intended use. As *Richardson* indicates, Defendant's ATV is a vehicle that is or can be used on a highway, and it is unreasonable to define whether it is a "vehicle" for purposes of the DWI statute based only upon its primary or intended use. We rejected the argument in *Richardson* that "frequency of use of a vehicle on the

6

highway constitutes a factor in determining whether the DWI statute applies to that vehicle" and stated that "[w]e believe such reasoning would not comport with the policy behind the DWI statute, which is to prevent individuals who, either mentally or physically, or both, are unable to exercise the clear judgment and steady hand necessary to handle a vehicle with safety both to the individual and the public." 113 N.M. at 741-42, 832 P.2d at 802-03. We see no reason to change or disagree with *Richardson*.

Turning to the language of the Off-Highway Act itself, we find nothing therein to preclude the application of Section 66-8-102(A) to persons driving an off-highway vehicle on a public road while intoxicated. To the contrary, Section 66-3-1010.3(A)(2) expressly incorporates the provisions of Section 66-8-102 because it prohibits operating an off-highway motor vehicle "while under the influence of intoxicating liquor or drugs as provided by Section 66-8-102[.]" Furthermore, Section 66-3-1020(A) (2005) specifically recognizes that a violation of the Off-Highway Act is considered a misdemeanor "[u]nless the violation [is] declared a felony, a petty misdemeanor[,] or a citation under the Motor Vehicle Code[.]"[1]

_____

[1] This reference to the Motor Vehicle Code in Section 66-3-1020(A) (2005) does not exist in the current version of Section 66-3-1020 (2009).

7

While acknowledging that Section 66-3-1020(A) (2005) specifically exempts violations that are declared to be a felony under the Motor Vehicle Code, Defendant urges this Court to apply the rule of lenity and apply the penalty provisions in Section 66-3-1016, which classify violations of the Off-Highway Act as a misdemeanor, instead of those in Section 66-3-1020. We decline to do so. The rule of lenity applies when, despite application of other principles of statutory construction, an "insurmountable ambiguity persists regarding the intended scope of a criminal statute" and legislative intent. *State v. Davis*, 2003-NMSC-022, ¶ 14, 134 N.M. 172, 74 P.3d 1064. After considering the language of the applicable Sections 66-3-1020 (2005), 66-3-1010.3(A)(2), 66-8-102 (2008), and the definitions contained in the Motor Vehicle Code as previously discussed in this Opinion, we are not convinced there is any ambiguity as to the applicability of Section 66-8-102 to Defendant's actions.

Defendant also argues that she was improperly charged with driving without a license and careless driving. We do not address these contentions because Defendant was only convicted of DWI (fourth offense), and the remaining charges were dismissed as part of the plea agreement. To address the propriety of those charges would require us to consider a moot issue, and we decline to do so. *See State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764 (stating that "[a]n appeal is moot when no actual controversy exists, and an appellate ruling will not grant the

8

appellant any actual relief" and observing that "[a]s a general rule, appellate courts should not decide moot cases").

**The 182-Day Rule**

Defendant contends that the State was precluded from dismissing and refiling in district court because, in doing so, it was attempting to circumvent the 182-day rule. *See* Rule 6-506(B) NMRA. Defendant does not argue or show any improper motive on the part of the State, and we see no reason to address Defendant's circumvention contention. Defendant's chief contention is that the case should have been dismissed because she was not brought to trial within 182 days of her arraignment pursuant to Rule 6-506. "We review de novo questions of law concerning the interpretation of Supreme Court rules and the district court's application of the law to the facts of this case." *State v. Foster*, 2003-NMCA-099, ¶ 6, 134 N.M. 224, 75 P.3d 824; *see State v. Carreon*, 2006-NMCA-145, ¶ 5, 140 N.M. 779, 149 P.3d 95 ("We review a district court's application of Rule 6-506 de novo."), *abrogated on other grounds by State v. Savedra*, 2010-NMSC-025, 148 N.M. 301, 236 P.3d 20.

Defendant was arraigned on September 15, 2008, on a charge of misdemeanor (first offense) DWI in the magistrate court. After learning that Defendant had three prior DWI convictions, the State filed an amended complaint on January 27, 2009, charging Defendant with felony DWI (fourth offense). On April 6, 2009, the State

9

filed a nolle prosequi in the magistrate court. And on April 28, 2009, the State obtained a grand jury indictment on the felony DWI and other related charges. Defendant waived arraignment in the district court on May 8, 2009.

In *State v. Benally*, the district court dismissed an amended information based on a violation of the six-month rule. 99 N.M. 415, 416, 658 P.2d 1142, 1143 (Ct. App. 1983). On appeal, the prosecution argued that the dismissal was erroneous because the six-month period began anew when it filed an amended information in the case. *Id.* This Court reversed the district court's dismissal of the amended information. *Id.* In so doing, *Benally* noted the distinction between an "amended information" and an "amendment to an information." *Id.* at 417, 658 P.2d at 1144 (internal quotation marks and citation omitted). *Benally* explained that "[a]n amended information vitiates the original information as fully as though it had been formally dismissed by order of the court. It constitutes the filing of a new instrument which supersedes its predecessor." *Id.* (internal quotation marks and citation omitted). "[A]mendment to an information," on the other hand is construed as meaning "a supplement to an otherwise effective and sufficient information[.]" *Id.* (internal quotation marks and citation omitted).

Subsequently, in *State v. Chacon*, our Supreme Court considered whether an amended district court information started the six-month period running anew. 103

N.M. 288, 289, 706 P.2d 152, 153 (1985). The defendant was convicted of two felonies. *Id.* at 288, 706 P.2d at 152. Just over four months later, he was charged by supplemental criminal information with being a habitual offender. *Id.* Within six months of the arraignment on the habitual offender charge, the prosecution filed an amended supplemental criminal information which added an additional prior felony conviction. *Id.* at 289, 706 P.2d at 153. Recognizing the *Benally* distinction between an "amended complaint" and an "amendment to a complaint," the *Chacon* Court narrowed its inquiry to "whether the change in form and the addition of one conviction to a[] habitual criminal charge constitute[d] an 'amended information' or an 'amendment to information.'" *Id.* The Court reasoned that,

> [a]dding another prior felony allegation substantially change[d] the possible sentence increase from four years to eight. Although the nature of the offenses are the same, the change in the possible sentence increase distinguishe[d] the [f]irst [s]upplmentental [c]riminal [i]nformation as an 'amended information' rather than an 'amendment to information.'

*Id.* Accordingly, the *Chacon* Court concluded that the amended information was "sufficiently different to start the six-month period running anew." *Id.* at 290, 706 P.2d at 154.

Here, as in *Chacon*, the amended criminal complaint was sufficiently different from the original complaint to start the 182-day period running anew. The amended criminal complaint involved a different subsection of the relevant statute. *Compare*

11

§ 66-8-102(E), *with* § 66-8-102(G) (illustrating the difference between first and fourth offense DWI). The addition of prior convictions to the criminal complaint substantially changed Defendant's possible sentence. *See* § 66-8-102(E), (G) (explaining that a first offense DWI is punishable, among other possible penalties, by imprisonment "for not more than ninety days" and the sentence may be deferred or suspended, whereas a fourth conviction mandates "a term of imprisonment of eighteen months, six months of which shall not be suspended, deferred[,] or taken under advisement"). Based on the increased penalties associated with violation of Section 66-8-102(G), the amended criminal complaint constituted the filing of "a new instrument which supersede[d]" the first criminal complaint and began the six-month period anew. *Chacon,* 103 N.M. at 289-90, 706 P.2d at 153-54 (internal quotation marks and citation omitted) (concluding that the change in the defendant's possible sentence from four years to eight constituted an amended information and began the six-month period running anew); *Benally*, 99 N.M. at 417, 658 P.2d at 1144 (explaining that "[a]n amended information vitiates the original information as fully as though it had been formally dismissed by order of the court" and that "[i]t constitutes the filing of a new instrument which supersedes its predecessor" (internal quotation marks and citations omitted)); *see also State v. Lucero*, 108 N.M. 548, 550, 775 P.2d 750, 752 (Ct. App. 1989) ("Absent an intent to circumvent the applicable

six-month rule, when a prosecutor files a new complaint containing significant changes in the offenses charged, the original complaint is superseded. The six-month rule, therefore, is triggered anew by the subsequent complaint.").

In his special concurrence, Judge Kennedy resolves the Rule 6-506 issue under a rationale that the magistrate court had no jurisdiction to try the felony charged in the magistrate court amended complaint and, therefore, Rule 6-506 was instantly inapplicable. Judge Kennedy makes a good point, and we agree with it. We did not take that tack in our Opinion because in their answer brief on appeal, the State did not raise the rationale offered by Judge Kennedy, nor did the State indicate in their answer brief that it argued this rationale in the district court. The State's answer to Defendant's argument on appeal was that the filing of the amended complaint restarted the time for commencing trial, a rationale based on *Benally*'s holding that the six-month period began to run on the date of the filing of the amended complaint. We have approached the Rule 6-506 issue based on how it was presented to us in the briefs, and we believe that our analysis fairly disposes of the issues as they were presented. The parties have not had an opportunity to address the rationale presented by Judge Kennedy. Hence, we have chosen the avenue of a memorandum opinion.

Defendant also claims that dismissal of the charge was warranted because the magistrate court did not hold a preliminary hearing within sixty days of the filing of

13

the amended complaint. In making this argument, Defendant relies, in part, on Rule 6-202(D) NMRA for the proposition, as stated in the rule, that "[a] preliminary hearing shall be held . . . no later than sixty . . . days if [the defendant] is not in custody." What Defendant appears to have overlooked, however, is that Rule 6-202(D) does not provide support for her requested dismissal because, as the rule further provides, "[f]ailure to comply with the time limits set forth in this paragraph shall not affect the validity of any indictment for the same criminal offense." Therefore, we will not dismiss Defendant's charges on the time-limit basis as argued by Defendant.

Defendant contends that the rationale in *Carreon* should be extended to "cases like this where the State fails . . . to hold a preliminary hearing before [sixty] days as required by Rule 6-202." In *Carreon*, this Court expressed "a serious concern" regarding a prosecutorial policy of dismissing magistrate court cases when it became evident that the case would not be settled because the policy was "used for the purpose of buying more time than the limitation in Rule 6-506." *Carreon*, 2006-NMCA-145, ¶ 10. *Carreon* held that the prosecution had not met its burden of showing that the dismissal of charges in magistrate court and the subsequent refiling of identical charges in district court was not done "for a bad reason or to circumvent the six-month rule." *Id.* ¶¶ 11-12.

*Carreon* does not assist Defendant. Under our Supreme Court's May 12, 2010, decision in *Savedra*, which abrogated *Carreon*, the prosecutor's reasons for refiling in district court are only to be considered within the context of the defendant's speedy trial rights. *See Savedra*, 2010-NMSC-025, ¶¶ 8-9 (reasoning that "in our district courts, the six-month rule has become an unnecessary and sometimes counterproductive method for protecting a defendant's right to a speedy trial" and declaring that the six-month rule provisions set forth in Rule 5-604 are withdrawn as of the date the opinion was filed); *see also State v. Martinez*, 2011-NMSC-010, ¶ 12, 149 N.M. 370, 249 P.3d 82 (recognizing that "*Savedra* controls the disposition of [all] case[s] . . . that were pending before any court at the time [Savedra was] issued"). Defendant does not raise speedy trial issues on appeal. For the foregoing reasons, we determine that Defendant was not entitled to dismissal of the charges.

**Motion to Quash the Indictment**

Finally, Defendant claims that the district court should have granted her motion to quash the grand jury indictment which she claims was obtained through prosecutorial misconduct. Defendant contends that the prosecutor knew he was seeking an indictment under the incorrect statute because there is no felony DWI crime of driving an off-highway vehicle, and he failed to inform the grand jury of the

15

specific legislation that should apply to off-highway vehicles. She also claims the indictment was based completely on hearsay.

In order to dismiss an indictment, the defendant "must establish bad faith on the part of the prosecutor[.]" *Jones v. Murdoch*, 2009-NMSC-002, ¶ 19, 145 N.M. 473, 200 P.3d 523. Defendant cannot establish bad faith on the part of the State in seeking an indictment for felony DWI because, as previously discussed in this Opinion, a person can commit the crime of felony DWI while driving an off-highway vehicle. Therefore, in seeking an indictment for felony DWI, the State was not proceeding under an incorrect or inapplicable statute. In light of Defendant's failure to establish bad faith on the part of the State, we decline to consider Defendant's contention that the grand jury indictment was based on impermissible hearsay. *E.g.*, *State v. Gallegos*, 2009-NMSC-017, ¶¶ 10-11, 146 N.M. 88, 206 P.3d 993 (declining to review the defendant's contention that the indictment was based entirely upon hearsay evidence and holding that "in the absence of prosecutorial bad faith, there is no clear statutory authority for judicial review . . . [and thus] the grand jury's determination of probable cause is conclusive" (alteration omitted) (internal quotation marks and citation omitted)); *State v. Romero*, 2006-NMCA-105, ¶ 8, 140 N.M. 281, 142 P.3d 362 (same).

**CONCLUSION**

We affirm Defendant's conviction for one count of DWI (fourth offense).

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

**RODERICK T. KENNEDY, Judge (specially concurring).**

**KENNEDY, Judge (concurring).**

I agree wholeheartedly that Defendant's conviction should be affirmed and, in all but one respect, with the majority's way of affirming it. I only write because I believe the majority's discussion of the 182-day rule is better handled in a way that might be more clearly applied in the magistrate and district courts than their approach. I therefore offer my separate Opinion on that matter alone.

Defendant was drunk while driving her ATV and was charged. She was then arraigned on September 15, 2008, on a misdemeanor charge of DWI. Some four months later, an amended complaint was filed, charging a felony DWI based on the State's discovery of three prior convictions. About six weeks later, the magistrate court commenced a preliminary hearing on that felony charge.[2] That hearing was continued after Defendant made a motion similar to the arguments concerning off-road vehicles that she has unsuccessfully advanced on appeal. The magistrate court's denial of that motion was followed by a notice to reset the remainder of the hearing for a date outside of 182 days. Defendant then submitted a motion to the magistrate court seeking a dismissal because of the State's failure to try her within the parameters of the 182-day rule. At this subsequent hearing, Defendant argued her motion and,

---

[1]Incidentally, but only incidentally, that hearing was within 182 days of her arraignment.

18

upon the magistrate court announcing that it would recess to consider the motion, the State announced that the magistrate court should not bother, that it would merely nolle prosequi the case and seek an indictment in district court.

As a former magistrate judge, I would not have recessed to consider a motion to dismiss a felony charge over which a magistrate court has no trial jurisdiction during its preliminary hearing for failure to timely commence trial on that same felony charge. I assume that the magistrate court would have ended its recess with the same conclusion as my own, but the State's premature interruption of this case's progress without a ruling leaves us guessing in that regard. The resolution of the issue, however, is beyond conjecture. Rule 6-506 can only operate to dismiss a charge that is within the magistrate court's trial jurisdiction. *See `State v. Marquez*, 2003-NMCA-115, ¶ 4, 134 N.M. 402, 77 P.3d 557. Defendant asserts that the State was attempting to circumvent the 182-day rule with its nolle prosequi and subsequent indictment of Defendant. I assert that the State cannot circumvent a rule that no longer applies to the case.

The 182-day rule, Rule 6-506, dictates a speedy *trial* rule for magistrate court alone. When the State amended the complaint in such a way as to charge a felony

DWI, the magistrate court had no more trial jurisdiction to be speedy with.[3] The magistrate court had no jurisdiction to try Defendant on the felony DWI charge at all, NMSA 1978, § 35-3-4(A) (1985), though it could conduct a preliminary hearing on the felony charge. Defendant was not charged with the felony DWI; her speedy trial right did not accrue until the indictment was filed with the district court. *See Ross*, 1999-NMCA-134, ¶¶ 13-15 (holding that an indictment or information must be filed in a felony prosecution in order to trigger a defendant's speedy trial right and that the filing of a complaint in magistrate court is insufficient). Thus, attempting to figure out what would or would not trigger restarting a 182-day speedy trial rule that does not apply fails to give as clear an answer. Failing to follow the time requirements within which to hold a preliminary hearing cannot result in dismissal of the charge. Majority Op. at 12.

Accordingly, the majority opinion distorts the view of this case through the lens of *Benally* and *Chacon*. If my view regarding misdemeanor versus felony jurisdiction in magistrate courts is correct, going down that road in this case is unnecessary. We do not need to ask if a felony DWI is "substantially different" from a misdemeanor

---

[2]Defendant only appeals the speedy trial issue as to her felony DWI through her conditional plea. *See State v. Ross*, 1999-NMCA-134*, ¶ 16, 128 N.M. 222, 991 P.2d 507 (declining to address speedy trial issue as to misdemeanor charges accompanying felony charge not addressed by the defendant).

DWI or if the rule begins anew when such a charge is filed.  *State v. Anaya* states clearly that adding Subsection (G) to Section 66-8-102 added no new elements to the offense of DWI.  1997-NMSC-010, ¶ 23, 123 N.M. 14, 933 P.2d 223.  In the context of amending the degree of charge, I agree with this Court's statement in *State v. Grace* that "[the d]efendant is entitled to rely on the charges brought as notice of the scope of the potential penalty."  1999-NMCA-148, ¶ 10, 128 N.M. 379, 993 P.2d 93.  However, to me this underscores that the magistrate court's jurisdiction in this case had changed from a trial jurisdiction when the DWI was a misdemeanor (and the 182-day rule applied) to one in which it could not try the case, but only conduct a preliminary hearing when the charge became a felony (rendering Rule 6-506 a nullity).  Divesting the magistrate of trial jurisdiction thus divests us of the ability to apply the magistrate court 182-day rule.  By taking us through *Chacon*'s analysis, which dealt with an amendment to a charging document and its effect on a six-month rule in a case that solely occurred and resided in a district court which had jurisdiction all along, the majority adds a layer that is inapposite to a case in which a court loses trial jurisdiction, yet is asked to apply a rule compelling a speedy trial not within its power to convene.

I concur in the majority's approach to all other matters in this case.

_____

**RODERICK T. KENNEDY, Judge**