609 P.2d 723
**STATE of New Mexico, Petitioner,**

v.

**Lowada Hall MANN, Respondent.**

**No. 12800.**

Supreme Court of New Mexico.

April 9, 1980.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for petitioner.

Martha A. Daly, App. Defender, Michael Dickman, Asst. App. Defender, Santa Fe, for respondent.

OPINION

PAYNE, Justice.

On October 17, 1978, defendant Lowada Hall Mann was arrested by the Albuquerque City Police and charged with possession of amphetamines with intent to distribute, and conspiracy to possess amphetamines with intent to distribute. Defendant was arraigned on the above charges before the Magistrate Court of Bernalillo County on October 18, 1978. No preliminary hearing was held. The case remained pending in the magistrate court until April 30, 1979, when the magistrate judge dismissed the State's case with prejudice, pursuant to N.M.Magis.R.Crim.P. 17(b), N.M.S.A.1978, for failure to prosecute within six months.

After the magistrate court's dismissal with prejudice, the Bernalillo County grand jury returned a criminal indictment charging defendant with possession with intent to distribute a controlled substance, namely methamphetamine, and with conspiracy to possess with intent to distribute methamphetamine. Defendant objected to the indictment and her arraignment was delayed in order for the district court to hear a defense motion which argued that these charges had previously and properly been dismissed with prejudice by the magistrate. Relying upon Rule 17(b), the district court agreed with the defendant and dismissed the indictment with prejudice. The Court of Appeals affirmed. We reverse, acknowledging the misleading and confusing situation created by the adoption of Rule 17(b) by the Supreme Court.

The issue we address in this case is whether Rule 17(b) empowers magistrate courts to dismiss with prejudice felony charges over which they have no trial jurisdiction.

We reaffirm the decisions rendered by the Court of Appeals and this Court in *State v. Peavler*, 87 N.M. 443, 535 P.2d 650 (Ct.App.1975), *rev'd on other grounds*, 88 N.M. 125, 537 P.2d 1387 (1975), which held that the rules governing criminal actions in magistrate courts cannot be used to dispose of cases over which the magistrate is without trial jurisdiction. In *Peavler*, since the magistrate had no jurisdiction to try the felony charges before him, he lacked the power to acquit and his dismissal of the complaint was not an acquittal. The State was not barred from seeking a grand jury indictment and from proceeding in the district court. Although Rule 17(b) was not enacted at the time the *Peavler* case arose, the reasoning of both the Court of Appeals and this Court in *Peavler* remains valid.

The Legislature established the bounds of magistrate court jurisdiction in Section 35–3–4, N.M.S.A.1978, saying:

A. *Magistrates have jurisdiction in all cases of misdemeanors.* Magistrates also have jurisdiction in any other criminal action where jurisdiction is specifically granted by law, and they may hold preliminary examinations in any criminal action where authorized by law.

B. In any criminal action in the magistrate court which is beyond the jurisdiction of the magistrate court, the magistrate may commit to jail, discharge or recognize the defendant to appear before the district court as provided by law. Whenever the defendant is bound over to the district court, the magistrate shall forthwith deliver to the clerk of the district court a transcript of all proceedings in the magistrate court in the action. (Emphasis added.)

It was not the intention of this Court to promulgate a rule which conflicts with Section 35–3–4 by extending the dispositive powers of magistrates to cover felony charges. In drafting the Rules of Criminal Procedure for the Magistrate Courts, we stated that the rules "shall not be construed to extend or limit the jurisdiction of any court, or to abridge, enlarge or modify the substantive rights of any litigant." N.M. Magis.R.Crim.P. 1(b), N.M.S.A.1978. In keeping with this policy, a distinction has been made in the way the magistrate is to handle felony and non-felony charges. *See* Magistrate Court Rules 7(a), 10, 14(b), 14(c), 15, 16, 18 and 21. Unfortunately, the same distinction was not made in Rule 17(b).

Rule 17(b) states:

*Any criminal charge* which is pending for six months from the date of the complaint without disposition by the magistrate court shall be dismissed with prejudice unless, after a hearing, the magistrate finds that the defendant was responsible for the failure of the court to complete the disposition of the proceeding. If a complaint is dismissed pursuant to this paragraph, a criminal charge for the same offense shall not thereafter be filed in any court. (Emphasis added.)

The words "[a]ny criminal charge" should be taken to mean any criminal charge within the magistrate court's jurisdiction. Felony charges may only be dismissed with prejudice by the district court

for failure to abide by the rules and by the applicable statutes of limitation of that court.

The dismissal is reversed and this case is remanded to the district court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, FEDERRICI and FELTER, JJ., concur.