2003-NMCA-115

77 P.3d 557

STATE of New Mexico, Plaintiff–
Appellant,

v.

Joseph MARQUEZ, Defendant–Appellee.

State of New Mexico, Plaintiff–Appellant,

v.

John Campbell, Defendant–Appellee.

Nos. 23,908, 23,910.

Court of Appeals of New Mexico.

July 15, 2003.

Patricia A. Madrid, Attorney General, San-
ta Fe, NM, Steven S. Suttle, Assistant Attor-
ney General, Albuquerque, NM for Appel-
lant.

Mario A. Esparza, Mario A. Esparza Law Office, Las Cruces, NM, for Appellee Joseph Marquez.

David M. Lopez, Robinson, Quintero & Lopez, P.C., Silver City, NM, for Appellee John Campbell.

## OPINION

ALARID, Judge.

{1} These consolidated cases, in which the State appeals the magistrate court's dismissal of the remaining misdemeanor charges, raise an issue of first impression concerning the interpretation of Rule 6–506(E) NMRA 2003.

{2} On March 26, 2002, both Defendants were charged in separate criminal complaints with a combination of felony and misdemeanor charges. In both, at the conclusion of the preliminary hearing on May 3, 2002, the magistrate court found no probable cause to support the felony charges and the matter was set for trial in magistrate court on the remaining misdemeanor charges. After two trial settings were vacated on motions by the State, on September 20, 2002, the magistrate court entered orders dismissing the misdemeanor charges pursuant to Rule 6–506(E). The district court affirmed the dismissal of the charges. The calendar notices proposed summary affirmance of the dismissal and the State has filed a memorandum opposing the proposed disposition. For the reasons that follow, we reject the State's arguments and find no error in the magistrate court's dismissal of the misdemeanor charges.

■ Rule 6–506(E) states:

*Any criminal citation or complaint within magistrate court trial jurisdiction, which is pending for more than one hundred eighty-two days from the date of the arrest of the defendant or the filing of a complaint* or citation against the defendant, whichever occurs latest, without commencement of a trial by the magistrate court *shall be dismissed with prejudice* unless, after a hearing, the magistrate finds that the defendant was responsible for the failure of the court to commence trial. After a complaint is dismissed pursuant to this paragraph, a criminal charge for the same offense shall not be filed in any court.

(Emphasis added.) Initially, we note that the language of this Rule is not discretionary but requires dismissal of the charges if the conditions of the Rule are met. At issue in this appeal is what those conditions are.

■ {3} We interpret the language "[a]ny criminal citation or complaint within magistrate court trial jurisdiction" to require simply that a magistrate court have jurisdiction to try any charges in the citation or complaint that are ultimately dismissed. We base this interpretation of the Rule on the case, *State v. Mann,* 94 N.M. 276, 609 P.2d 723 (1980), and the subsequent amendment to the Rule. In *Mann,* our Supreme Court interpreted a prior version of Rule 6–506(E), which stated:

Any criminal charge which is pending for six months from the date of the complaint without disposition by the magistrate court shall be dismissed with prejudice unless, after a hearing, the magistrate finds that the defendant was responsible for the failure of the court to complete the disposition of the proceeding. If a complaint is dismissed pursuant to this paragraph, a criminal charge for the same offense shall not thereafter be filed in any court.

*Id.* at 277, 609 P.2d at 724 (quoting N.M.Magis.R.Crim.P. 17(b) NMSA 1978). The Court in *Mann* reversed the dismissal of felony charges by a magistrate court judge after asserting that " '[a]ny criminal charge' should be taken to mean any criminal charge within the magistrate court's jurisdiction." *Id.* at 277, 609 P.2d at 724. After the decision in *Mann,* the Rule was amended to add the phrase, "within magistrate court trial jurisdiction." *See* Rule 6–506(E).

■ {4} We are persuaded that the language in the Rule identifying citations or complaints "within magistrate court trial jurisdiction" was added after the decision in *Mann* to clarify that a magistrate court must have jurisdiction to try any charge dismissed pursuant to the Rule. The State argues that the magistrate court's trial jurisdiction over the misdemeanors did not ripen until the felony charges were dismissed and, because

the magistrate court did not have trial jurisdiction over the complaint for 182 days, the charges should not be dismissed under Rule 6–506(E). It frames the issue in this case as whether the magistrate court had trial jurisdiction ab initio over the misdemeanor charges when the complaint contained both felony and misdemeanor charges. We do not read the Rule, however, as requiring that the magistrate court have trial jurisdiction for the 182 days.

{5} Given the fact that the Rule was amended after the decision in *Mann*, we understand the the Rule to require (1) that a citation or complaint be pending for more than 182 days, (2) that trial has not commenced and the defendant is not responsible for the failure to commence trial, and (3) that the magistrate court have trial jurisdiction over the citation or complaint at the time it is dismissed. In relying on the plain language of the Rule as requiring the magistrate court to have trial jurisdiction over a citation or complaint for the entire 182 days, the State has not responded to the proposed analysis relying on the decision in *Mann* and the subsequent amendment to the Rule in interpreting what this language was intended to mean.

{6} The State also argues that, if this Court affirms the dismissal of the misdemeanor charges in this case, that magistrate courts will gain trial jurisdiction over all misdemeanor offenses in a combined charge the moment a complaint is filed. This argument seems premised on assuming that the Rule requires the magistrate court have trial jurisdiction over the complaint for the entire 182 days. Once again, this is not how we interpret the Rule.

{7} The Rule does not require the magistrate court to have trial jurisdiction over the complaint for the entire 182 days but only when the complaint is dismissed. The effect of affirming the dismissal in this case, and we believe the intent of Rule 6–506(E), is to require a trial to commence within 182 days of a defendant's arrest or the filing of a complaint and to require a magistrate court to dismiss a citation or complaint over which it has trial jurisdiction if a trial has not commenced within the 182 days and

the defendant is not responsible for the failure to commence trial. *See* Rule 6–506(E).

{8} To the extent the State argues that dismissal is an inappropriate sanction, we note that the dismissal in this case was not imposed against the State as a sanction but was imposed because the magistrate court had trial jurisdiction over the remaining misdemeanor charges, more than 182 days had elapsed since the complaints were filed against Defendants, and Defendants were not responsible for the failure to commence trial. *See* Rule 6–506(E). To the extent the State argues that the prosecutor could have taken the felony charges to a grand jury after the magistrate court denied the bindover order, we simply note that the prosecutor did not do so and what might have happened does not change what did happen. What did happen was that the complaint had been pending more than 182 days, the matter was set for trial in magistrate court and the magistrate court had jurisdiction over the remaining counts, and the trial had not commenced through no fault of Defendants.

{9} The State also argues that dismissal of the charges is an inappropriate remedy for overcharging, if indeed there was any overcharging at all. This argument appears to have been made in response to a statement in our calendar notice. In our notice we stated that to accept the State's argument that the magistrate court was required to have trial jurisdiction over the complaint for the entire 182 days would penalize Defendants because the State overcharged the offenses against them. We did not intend to imply that the dismissal was in any way a sanction for overcharging. Instead, we intended to point out the irony of allowing cases where felonies were initially charged but not supported by probable cause to result in lengthening the time to commence trial.

{10} We find no error in the dismissal of the misdemeanor charges by the magistrate court where the complaint was pending for more than 182 days and trial had not commenced due to no fault of Defendants. We

affirm the orders of the district court affirming these dismissals.

{11} IT IS SO ORDERED.

WE CONCUR: JONATHAN B. SUTIN and MICHAEL VIGIL, Judges.