This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36860**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**KENDRA FRAZIER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John J. Woykovsky, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant Kendra Frazier entered a conditional plea to misdemeanor driving while intoxicated (DWI), reserving the issue of whether the district court erred in

affirming the denial of her motion to dismiss her case in magistrate court for violating Rule 6-506 NMRA.[1] We affirm.

**BACKGROUND**

**{2}** The State's criminal complaint against Defendant was filed on April 4, 2016, and charged her with three misdemeanors, including DWI, driving with a suspended license, and improper use of a license plate, as well as one fourth-degree felony for receiving stolen property. Defendant was arrested on April 26, 2016, pursuant to a warrant and made her first appearance in magistrate court the next day, where she was appointed counsel, advised of the charges and possible penalties, and returned to custody pending a preliminary hearing set for May 5, 2016. On May 5, 2016, the preliminary hearing was continued, Defendant was released on her own recognizance, and the hearing was reset for May 19, 2016. On the day of the hearing, the State entered a nolle prosequi, by form order entitled "Notice of Dismissal," dismissing the felony count and two of the misdemeanor counts, leaving only the misdemeanor DWI charge for prosecution. The magistrate court ordered that the remaining DWI charge be "put on [the misdemeanor] docket" and vacated the scheduled preliminary hearing. Defendant was never formally arraigned. After two pretrial conferences, trial was set for October 28, 2016.

**{3}** On October 26, 2016, Defendant moved to dismiss the case, arguing that 182 days had elapsed since her first appearance on April 27, 2016, in violation of Rule 6-506(B). The magistrate court denied the motion, but granted the State's request to vacate the trial date and Defendant's request to set a change of plea hearing. On November 10, 2016, Defendant failed to appear at the change of plea hearing, a bench warrant was issued, and she was arrested on December 4, 2016. Defendant ultimately entered a conditional plea of no contest to the DWI charge, reserving the right to appeal the issue of whether the 182-day rule in Rule 6-506 was violated, such that the magistrate court should have dismissed her case. Defendant appealed to the district court, and the district court affirmed.

**{4}** The district court reasoned that "[w]hen . . . Defendant initially appeared before the [m]agistrate [c]ourt on her misdemeanor charges on April 26, 2017, it was within the context of an accompanying felony charge for which a preliminary examination would be required . . . [and a]t that point, the [m]agistrate [c]ourt did not yet have trial jurisdiction over [the misdemeanor charges; and t]herefore, [it] also did not have the jurisdiction to arraign . . . Defendant on the misdemeanor charges." The district court therefore concluded that Rule 6-506(B) was not triggered on the date of Defendant's first appearance.

**{5}** The district court further concluded that "the [m]agistrate [c]ourt obtained trial jurisdiction over Defendant's DWI charge, on May 19, 2016, when the State entered its

---

1The district court applied, and the parties' arguments are based on the 2013 amendment of Rule 6-506 that was in effect in 2016, the date of Defendant's arrest. This opinion applies the 2016 version of all rules cited to in this opinion unless otherwise indicated.

nolle prosequi of the felony and two other misdemeanor charges." The district court then determined that when the magistrate placed Defendant's DWI charge on its trial docket, the magistrate court effectively entered a plea of not guilty on Defendant's behalf, at which time Defendant was constructively arraigned.

**{6}** Thus, the district court ruled that the trial should have commenced within 182 days of May 19, 2016, or by November 17, 2016; and that the November 10, 2016 change of plea hearing fell within the time limit of Rule 6-506(B). The district court further determined that Defendant's arrest on December 4, 2016, for her failure to appear was the latest triggering event under Rule 6-506(B)(5). Therefore, resolution of the case was required within 182 days of Defendant's December 4, 2016 arrest, or by June 4, 2017; and Defendant's case was timely resolved on January 26, 2017, well within that time. Defendant appealed to this Court.

## DISCUSSION

**{7}** The sole issue on appeal is whether Defendant's right to the resolution of her case in magistrate court within 182 days, as prescribed by Rule 6-506, was violated. It is undisputed that a formal arraignment, which would have triggered the rule, did not occur in this case. Nonetheless Defendant argues as she did in the proceedings below, that the rule was triggered by her first appearance, which "operate[d] as an implied waiver of arraignment[,]" and, based on that date, her case did not timely proceed to resolution as prescribed by the rule.

**{8}** "We review de novo questions of law concerning the interpretation of [our] Supreme Court rules and the district court's application of the law to the facts of the case." *State v. Sharp*, 2012-NMCA-042, ¶ 5, 276 P.3d 969. "When construing our procedural rules, we use the same rules of construction applicable to the interpretation of statutes." *Allen v. LeMaster*, 2012-NMSC-001, ¶ 11, 267 P.3d 806. "We first look to the language of the rule." *Id.* (internal quotation marks and citation omitted). "If the rule is unambiguous, we give effect to its language and refrain from further interpretation." *Id.* (internal quotation marks and citation omitted). "We also seek guidance from the rule's language, history, and background." *Id.*

**{9}** The time limit for commencing a trial in the magistrate court is governed by Rule 6-506, which requires the magistrate court to commence trial within 182 days. Rule 6-506(B), in pertinent part, provides:

> The trial of a criminal citation or complaint shall be commenced within one hundred eighty-two (182) days after whichever of the following events occurs latest:
>
> (1) the date of arraignment or the filing of a waiver of arraignment of the defendant;
>
> . . . .

(5) if the defendant is arrested for failure to appear or surrenders in this state for failure to appear, the date of arrest or surrender of the defendant[.]

The rule further provides: "In the event the trial of any person does not commence within the time limits provided in this rule, including any court-ordered extensions, the case shall be dismissed with prejudice." Rule 6-506(E)(2). Our Supreme Court's stated purpose for the rule is "to effectuate a criminal defendant's right to a speedy trial and to assure prompt disposition of criminal cases." *State v. Savedra*, 2010-NMSC-025, ¶ 5, 148 N.M. 301, 236 P.3d 20 (internal quotation marks and citation omitted).

**{10}** Defendant argues that her first appearance essentially operated as an implied waiver of arraignment, which should have triggered the rule. In support of her argument, Defendant asserts that her first appearance actually entailed features of an arraignment—she was present and was given a recitation of her rights. Defendant similarly asserted below that "[a]rraignments and [f]irst [a]ppearances are substantively the same proceeding" citing Rule 6-501(A) NMRA, and "arraignments and first appearances are listed together basically because the same thing happens at both: with the exception of entering a plea, the [defendant is] advised of [her] rights, the [defendant is] advised of the charges, [and] . . . the defendant would have an opportunity to discuss bond, the only difference being the entering of a plea."

**{11}** The district court determined that because of the pending felony charge, the magistrate court did not have trial jurisdiction at Defendant's first appearance, and for this reason, it did not have jurisdiction to arraign her on any of the charges. We note that the magistrate court need not have jurisdiction for a first appearance, where the explanation of the defendant's rights occurs. *See* Rule 6-501(A) (enumerating the explanation of rights required at the defendant's first appearance "in response to a summons, warrant or arrest"). However, because Defendant argues that her first appearance constituted an arraignment, we must determine whether the magistrate court needed to have trial jurisdiction to arraign her.

**{12}** Both the applicable statute and magistrate court rule support the district court's conclusion. The applicable statute provides: "Magistrates have jurisdiction in all cases of misdemeanors and petty misdemeanors . . . . In any criminal action in the magistrate court which is beyond the jurisdiction of the magistrate court, the magistrate may commit to jail, discharge or recognize the defendant to appear before the district court as provided by law." NMSA 1978, § 35-3-4(A), (C) (1985). Thus, by statute, "[t]he magistrate court does not have jurisdiction to prosecute felonies." *State v. Loya*, 2011-NMCA-077, ¶ 9, 150 N.M. 373, 258 P.3d 1165. The magistrate court rules provide that when the charges are not within the magistrate court's jurisdiction, upon a finding of probable cause, the court must bind the defendant over for trial on those charges in the district court. *See* Rule 6-202(D)(3) NMRA ("If the court finds that there is probable cause to believe that the defendant committed one or more offenses not within magistrate court trial jurisdiction, the court *shall* bind the defendant over for trial in the district court." (emphasis added)). Indeed, felony charges are not within the magistrate

court's jurisdiction except for purposes of a first appearance, preliminary examination or waiver thereof, and binding the defendant over for trial in district court when it finds probable cause to do so. *See* Rule 6-501(A).

**{13}**    Having determined that the magistrate court did not have trial jurisdiction until it dismissed the felony charge, we now examine the effect of the magistrate court's act of placing Defendant's DWI charge on its trial docket, and whether that constituted a constructive arraignment. The magistrate court rules governing arraignment provide that where the charges are within the magistrate court's jurisdiction, the court must require the defendant to plead, or enter a not guilty plea on his behalf. *See* Rule 6-501(B) ("If the offense charged is within the court's trial jurisdiction, the court *shall require* the defendant to plead to the complaint, pursuant to Rule 6-302 NMRA, and if the defendant refuses to answer, the court shall enter a plea of 'not guilty' for the defendant." (emphasis added)). Consistent with this, Rule 6-302(B) gives the magistrate court authority, and in fact requires it, to enter a not guilty plea on behalf of a defendant "[i]f the defendant fails to enter a plea." When the magistrate court entered the nolle prosequi, dismissing the felony charge, it obtained jurisdiction over the remaining DWI misdemeanor charge. Because Defendant was never formally arraigned, it was not error to conclude that for the purposes of Rule 6-506, Defendant was constructively arraigned on the DWI charge on May 19, 2016, when the magistrate court placed the DWI charge on its trial docket, effectively entering a not guilty plea on Defendant's behalf. *See State v. Miller*, 2008-NMCA-048, ¶ 14, 143 N.M. 777, 182 P.3d 158 ("An arraignment is a proceeding at which an accused enters a plea to a charged offense, including pleas of not guilty, not guilty by reason of insanity, guilty, or no contest.").

**{14}**    Relying on *State v. Marquez*, 2003-NMCA-115, ¶ 7, 134 N.M. 402, 77 P.3d 557, Defendant contends that the magistrate court did not need to have jurisdiction over the case for the entire 182 days to dismiss under the rule, and that it only needed jurisdiction at the time her charges were dismissed. In *Marquez*, the defendants were charged with both misdemeanor and felony charges on March 26, 2002. *Id.* ¶ 2. At the preliminary hearing on May 3, 2002, the magistrate court dismissed the felony charges and the cases were set for trial on the remaining misdemeanor charges. *Id.* Following two trial continuances obtained by the state, on September 20, 2002, the magistrate court dismissed the misdemeanor charges for violation of the 182-day rule, which the district court affirmed. *Id.* The applicable triggering event, based on the rule in effect at the time, was the filing of the complaint. *See id.* ¶ 2 (" 'Any criminal citation or complaint within magistrate court trial jurisdiction, which is pending for more than one hundred eighty-two days from the date of the arrest of the defendant or the filing of a complaint or citation against the defendant . . . shall be dismissed . . . unless, after a hearing the magistrate finds that the defendant was responsible for the failure of the court to commence trial.' " (quoting Rule 6-506(E)))[2]. This Court interpreted the language "any criminal citation or complaint within magistrate court trial jurisdiction" to require that "a magistrate court have jurisdiction to try *any* [and not all the] charges in the citation or

---

[2]We observe that the 2002 version of rule applied in this case. To the extent this Court referenced "2003," the 1999 amendment to Rule 6-506 was in effect in both 2002 and 2003.

complaint that are ultimately dismissed." *Marquez*, 2003-NMCA-115, ¶ 3 (emphasis added) (alteration, internal quotation marks, and citation omitted).

**{15}**   Relying on an earlier case and prior version of the rule, which stated "[a]ny criminal charge which is pending[,]" N.M.Magis.R.Crim.P. 17(b) (recompiled and amended as Rule 6-506 in 1986), and the subsequent amendment to the rule after that case—adding the phrase "within magistrate court trial jurisdiction," Rule 6-506(E), we determined that the amendment was intended to "clarify that a magistrate court must have jurisdiction to try any charge dismissed pursuant to the [r]ule[,]" and not that it needed trial jurisdiction for the entire 182 days. *Marquez*, 2003-NMCA-115, ¶¶ 2-4. Accordingly, we rejected the state's argument that the magistrate court had to have "trial jurisdiction ab initio over the misdemeanor charges when the complaint contained both felony and misdemeanor charges." *Id.* ¶ 4.

**{16}**   Importantly, the decision in *Marquez* was governed by the 2002 version of the rule, which required trial to commence within 182 days of either the date of the arrest or the filing of a complaint or citation. *Id.* ¶ 7. In *Marquez*, the rule was triggered by the filing of the complaint, for which the magistrate court need not have trial jurisdiction. *See* Rule 6-201(D) NMRA (stating that "the complaint shall be filed with the magistrate court" in "all criminal cases, *including cases that are not within magistrate court trial jurisdiction*" (emphasis added)). For that reason, it was irrelevant whether the magistrate court had trial jurisdiction over the accompanying felony charges when the complaint was filed. The essential factors for the *Marquez* holding, given the 2002 rule in effect at the time, were that the complaint had been pending for more than 182 days since its filing, through no fault of the defendant, and the magistrate court had trial jurisdiction over the complaint, containing solely the misdemeanor charges, at the time it was dismissed. *See Marquez*, 2003-NMCA-115, ¶ 4. In contrast, the version of the rule applicable in this case is triggered not by the filing of the complaint, but by arraignment, and as discussed above, the magistrate court cannot arraign a defendant unless it has trial jurisdiction over the charges, or gains jurisdiction by binding the defendant over for trial in district court for any charges not within its jurisdiction. *See* Rule 6-202(D)(3); Rule 6-501(B).

**{17}**   Because we conclude that the magistrate court did not have trial jurisdiction at Defendant's first appearance to arraign Defendant, we need not address the argument that Defendant's assertion of her right to counsel at that hearing—seeking assistance of an attorney to provide her an adequate defense—amounted to a declaration she was contesting the charges against her, and was tantamount to a not guilty plea. We nevertheless note, however, that a defendant may retain an attorney to assist in negotiating a plea agreement and not solely for the purpose of proceeding to trial. *See State v. Druktenis*, 2004-NMCA-032, ¶ 9, 135 N.M. 223, 86 P.3d 1050 ("[The d]efendant retained an attorney to negotiate a plea agreement."). Thus, we cannot say that an assertion of the right to counsel necessarily constitutes an indication of readiness for trial, and thus a waiver of arraignment.

**{18}** We also decline to address Defendant's assertion that by specifying time limits for arraignment following dismissal of felony charges, the current version to Rule 6-506 undermines the district court's theory that the State's dismissal of the charges operated as a constructive arraignment. Defendant recognizes that the current version to Rule 6-506 does not apply here and beyond claiming the amendment "undermines" the district court's decision, however, Defendant does not develop this argument. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 071 ("This Court has no duty to review an argument that is not adequately developed."). The 2017 amendment merely adds a subsection specifying the time limit in which to arraign a defendant following the dismissal of felony charges. *See* Rule 6-506(A)(3) (2019) ("If all felony charges against the defendant have been dismissed or discharged, and the only remaining charges are within magistrate court trial jurisdiction, the defendant shall be arraigned within thirty (30) days after the date of dismissal or discharge if the defendant is not in custody, or two (2) days after the date of dismissal or discharge if the defendant is in custody."). We cannot discern, and Defendant does not explain, how the 2017 amendment undermines the district court's decision. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what his arguments might be."). In fact, the district court's decision seems consistent with the current version of the rule's prompt time limits, given that it determined Defendant was constructively arraigned on the same date the felony charge was dismissed.

**{19}** Lastly, to the extent Defendant also argues the rule of lenity should apply, we disagree. Defendant argues that the 2016 version of Rule 6-506 applicable in this case does not directly address whether her first appearance or the magistrate court's investment of jurisdiction triggers the 182-day rule, thus resulting in an insurmountable ambiguity. *See State v. Wilson*, 1998-NMCA-084, ¶ 9, 125 N.M. 390, 962 P.2d 636 ("The rule of lenity provides for the resolution of an insurmountable ambiguity concerning the intended scope of the rule in favor of the defendant."). Defendant therefore argues that the reasoning in *Marquez* and the rule of lenity support a determination that her first appearance triggered the 182-day rule. We have determined that based on the language of the rule, the applicable statute, and the magistrate court rules, the magistrate court must have trial jurisdiction for arraignment; there is no ambiguity in the law in this regard. That Rule 6-506(B) does not include a defendant's first appearance as an event commencing the 182-day rule constitutes a modification of the prior rule, not an ambiguity. *See State v. Cotton*, 1990-NMCA-025, ¶ 18, 109 N.M. 769, 790 P.2d 1050 ("Where the [L]egislature has amended a statute or omitted a portion of an act, it is presumed to have intended to modify the act."); *see also Allen*, 2012-NMSC-001, ¶ 11 ("When construing our procedural rules, we use the same rules of construction applicable to the interpretation of statutes."). Considering the plain language of the rule and our interpretation of case law, we are not persuaded that the rule of lenity applies.

**{20}** Thus, we conclude that the magistrate court first obtained jurisdiction and the ability to arraign Defendant on the misdemeanor DWI charge after the State entered its nolle prosequi on the felony charge, in particular, and the two other misdemeanor

charges; and on that date, Defendant was arraigned for purposes of Rule 6-506(B). Prior to that date, the magistrate court lacked jurisdiction to arraign Defendant for charges that included a felony. For these reasons, we affirm the district court's order.

**{21} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**LINDA M. VANZI, Judge**

**BRIANA H. ZAMORA, Judge**